UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL P. MCLEOD, ) | |
| ) | |
| Plaintiff, ) | No. 16 cv 06784 |
| ) | |
| v. ) | Magistrate Judge Susan E. Cox |
| ) | |
| LOUIS F. PIGNATELLI, PIGNATELLI & ) | |
| MERTES, P.C. f/k/a PIGNTALLI & LISTON, ) | |
| P.C., PIGNATELLI & ASSOCIATES, P.C., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**ORDER**

For the reasons discussed herein, Plaintiff Michael McLeod's ("Plaintiff") Partial Motion for Summary Judgment [21] is denied. Because the Court does not believe that summary judgment can be entered on liability, the Court does not reach the additional issues raised by Plaintiff's Revised and Amended Supplemental Motion for Summary Judgment [34], and denies that motion without prejudice as moot. The Court also denies Defendants' Motion to Stay [39] as moot. A status conference is set for April 12, 2017 at 9:30 a.m. to discuss case management.

**I. Factual Background**

Defendant Louis Pignatelli is a lawyer, and Defendant Pignatelli & Associates, P.C. (collectively, "Defendants") is Mr. Pignatelli's law firm. (Dkt. 15 at ¶¶ 3-4.) In 2006, Elizabeth Wahl ("Elizabeth"), Plaintiff's late mother, retained Defendants to revise her existing will. (*Id.* at ¶ 12.) Defendants admit that in the course of revising Elizabeth's will, they learned the following facts: (1) Elizabeth had two children – Plaintiff and Anne Wahl McLeod ("Anne"); (2) Elizabeth desired to leave her personal property in equal shares to Plaintiff and Anne; (3) Elizabeth desired to leave 50% of any assets in her estate, other than real or personal property, to

Plaintiff and to leave the other 50% of any such assets in a trust; (4) Elizabeth desired any monies held in the trust be used for the health, support, and education of Anne as deemed reasonable in the sole discretion of the trustee; (5) Elizabeth desired Plaintiff to the be the trustee of the trust; and (6) upon Anne's death, the remaining monies in the trust be distributed. (*Id.* at ¶ 13.)

On August 19, 2006, Elizabeth executed a revised Last Will and Testament presented to her by Defendants. (*Id.* at ¶¶ 14-16.) For the purposes of this motion, there are three relevant sections to the Last Will and Testament. Section One reads, in pertinent part:

> I give, devise and bequeath all of my property of whatever nature, both real and personal, personal effects, household goods, automobiles, and all other items of goods and chattels to my children who survive me in equal shares of substantially equal value, per stirpes and not per capita.

(Dkt. 21-2 at 1, § 1.)

Section Two reads, in pertinent part:

> I give the residue of my estate, excluding any property over which I have power of appointment, one-half to my son, MICHAEL P. MCLEOD, per stirpes and not per capita, and one-half to MICHAEL P. MCLEOD, as Trustee of the Children's Trust.

(Dkt. 21-2 at 1, § 2.)

Section Three reads, in pertinent part:

> 1. Until the termination of the Children's Trust, the Trustee shall pay to my daughter, ANNE WAHL MCLEOD, so much or all of the net income and principal from the Trust as the Trustee determines from time to time to be reasonably necessary for Anne's health, support, and education as are deemed reasonable in the sole discretion of the Trustee, considering Anne's other resources known to the Trustee, and shall add to principal any undistributed net income. Payments shall be made on the basis of need in the Trustee's discretion.
>
> 2. Upon the death of Anne Wahl McLeod, the Trustee shall distribute the then principal and all accrued or undistributed net

2

>
> income of the Children's Trust to MICHAEL P. MCLEOD, and the children of ANNE WAHL MCLEOD, per stirpes and not per capita.

(Dkt. 21-2 at 1-2, § 3.)

Elizabeth died on June 26, 2011.[1] (Dkt. 15 at ¶ 17.) A probate estate was then opened in Fourteenth Judicial Circuit Court in Whiteside County, Illinois. (*Id.* at ¶ 19.) Plaintiff and Anne had a dispute regarding the disposition of Elizabeth's estate. (*Id.* at ¶ 20.) Plaintiff alleges that this dispute arose from a perceived ambiguity between Sections One, Two, and Three of the Last Will and Testament. (Dkt. 5 at ¶ 25.) Plaintiff further claims that this alleged ambiguity required him to retain a lawyer "to protect his interest and Anne retained a law firm to protect her interest." (*Id.* at ¶ 26.)

Plaintiff now brings the instant suit, alleging that Defendants committed legal malpractice by: (1) "[f]ail[ing] to limit Section One to personal property, personal effects, household goods, automobiles and any other goods and chattels so as to provide the balance of the estate in the residuary clause; or (2) [c]reat[ing] a residual clause for disposition of the estate after having disposed of all monies in Section One; or (3) [c]reat[ing] a trust with certain beneficial interest to Plaintiff without providing for the shares of stock owned by decedent at the time of her death to be placed into the trust upon Elizabeth M. Wahl's death; or (4) [f]ail[ing] to define how the remainder interest would be distributed in the event of the death of Anne preceding [P]laintiff." (Dkt. 5 at ¶ 30.) Plaintiff seeks the attorneys' fees he expended in protecting his interest in the Last Will and Testament. (Dkt. 21 at 2.) Plaintiff has provided the testimony of his two attorneys in the probate litigation, Thomas Pasquesi and Richard Campbell, who both testified that the Last Will and Testament contained an ambiguity that led to the dispute between Plaintiff and Anne. (Dkt. 35 at ¶¶ 27-42.) Plaintiff filed a Motion for Partial Summary Judgment on the

---

[1] Defendants stated that they lack sufficient knowledge of this fact to admit or deny this allegation in their Answer to the Amended Complaint, but the Court assumes it is true for the purposes of this opinion. (*See* Dkt. 15 at ¶ 17.)

first two theories of negligence recited above, arguing that there was no genuine issue of material fact on the issue of liability surrounding the alleged ambiguity in the Last Will and Testament. (Dkt. 21.) Plaintiff also filed a Revised Amended Supplemental Motion for Summary Judgment (Dkt. 34), seeking summary judgment on the issue of damages and Defendants' duty as well. For the reasons discussed below, the Court denies Plaintiff's Partial Motion for Summary Judgment. Because the Court does not believe that summary judgment can be entered on liability, the Court does not reach the issues raised by Plaintiff's Revised and Amended Supplemental Motion for Summary Judgment, and denies that motion without prejudice as moot.

## II. Standard of Review

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56 (c). In determining whether there is a genuine issue of fact, the Court "must construe the facts and draw all reasonable inferences in the light most favorable to the nonmoving party." *Foley v. City of Lafayette Indiana*, 359 F.3d 925, 928 (7th Cir. 2004). The party seeking summary judgment has the burden of establishing the lack of any genuine issue of material fact. *See Cellotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L. Ed. 2d 265 (1986). A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby Inc*., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L. Ed. 2d 202 (1986). Summary judgment is proper against "a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial." *Cellotex,* 477 U.S. at 322. "The mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-

movant]." *Anderson,* 477 U.S. at 252.

## III. Discussion

Plaintiff has failed to show that there is no genuine issue of material fact regarding Defendants' alleged breach of the duty of care, and his motion should be denied. The elements of legal malpractice in Illinois are: (1) the existence of an attorney-client relationship that establishes a duty on the part of the attorney; (2) a negligent act or omission constituting a breach of the lawyer's duty; (3) proximate causation, and (4) damages.[2] *TIG Ins. Co. v. Giffin Winning Cohen & Bodewes, P.C.*, 444 F.3d 587, 590-91 (7th Cir. 2006) (citing *Lopez v. Clifford Law Offices*, 841 N.E.2d 465, 470-71 (Ill. App. 1999)).

Plaintiff argues that Defendants were negligent because they drafted the Last Will and Testament in a manner that "contains undoubtedly an internal ambiguity." (Dkt. 21 at 4.) According to Plaintiff, Section One disposes of all of Elizabeth's estate's property, which leaves the discussion of the residue of the estate in Sections Two and Three meaningless. First, the Court is unsure if this constitutes an ambiguity in the Last Will and Testament as a matter of law, and Plaintiff has cited no cases in his brief that would shed light on this issue. Although Sections Two and Three might be superfluous or irrelevant, it is not particularly unclear how the estate is to be divided. If all of the property is divided according to the provisions of Section One, then there is no residue to divide pursuant to Sections Two and Three. Zero divided by anything is still zero.

However, the Court need not reach that issue here. Even assuming, without deciding, that there is no genuine issue of material fact whether there was an ambiguity in the Last Will and Testament, Plaintiff has provided no case law to show that this necessarily constitutes a

---

[2] The Court applies Illinois law in this case based on diversity jurisdiction. *See St. Paul Fire and Marine Ins. Co. v. Brunswick Corp.*, 405 F. Supp. 2d 890, 894 (N.D. Ill. 2005) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)).

breach of the duty of care as a matter of law.[3] Although it very well may be that Defendants breached their duty of care in drafting the Last Will and Testament, the Court cannot say they did so as a matter of law on the record currently before it. Ultimately, this is a question for the finder of fact to decide. *See, e.g.*, *Gruse v. Belline*, 486 N.E.2d 398, 402 (Ill. App. 1985) ("An attorney is liable to his client for malpractice when he fails to exercise a reasonable degree of care and skill, *which is a question of fact*, and must generally be established through expert testimony") (emphasis added) (internal citations omitted).[4] Therefore, Plaintiff's Motion for Partial Summary Judgment is denied.

Plaintiff's Revised Amended Supplemental Motion for Summary Judgment raises additional issues related to damages and Defendants' duty to Plaintiff. That motion has not been fully briefed, and Defendants have moved to stay the briefing in order to engage in additional discovery. The Court does not reach those issues here, and confines this opinion to the issues of breach and liability raised in Plaintiff's original Partial Motion for Summary Judgment and re-raised in the Revised Amended Supplemental Motion for Summary Judgment. The Court believes that a status conference to discuss case management moving forward would be the most prudent course of action at this juncture, and hereby sets a status conference for April 12, 2017 at 9:30 a.m.

## IV. Conclusion

For the foregoing reasons, the Court denies Plaintiff's Partial Motion for Summary

---

[3] The cases cited by Plaintiff primarily discuss whether a party seeking to prove legal malpractice must produce expert testimony in order to do so; this is an issue about the type of proof required to prove a claim, and none of the cases discuss whether drafting an ambiguous will is legal malpractice. *See Gray v. Hallet*, 525 N.E.2d 660 (Ill. App. 1988) (failure to serve a defendant within statute of limitations); *House v. Maddox*, 360 N.E.2d 580 (Ill. App. 1977) (failure to bring suit within statute of limitations); *Sorenson v. Fio Rito*, 413 N.E.2d 47 (Ill. App. 1980) (failure to take any steps to represent client); *Practical Offset, Inc. v. Davis*, 404 N.E.2d 516 (Ill. App. 1980) (failure to file a Financing Statement with the Secretary of State in an asset sale between two companies). Moreover, three of these cases related to the testimony necessary to prove a claim at trial (*Gray*, *House*, and *Maddox*), not summary judgment. In short, Plaintiff has cited no cases that show that he is entitled to summary judgment under Illinois law.
[4] The Court recognizes that Plaintiff's primary argument concerns whether he must provide expert testimony. Regardless of whether expert testimony is necessary, the issue of breach is still a question of fact.

Judgment [21]. Because the Court does not believe that summary judgment can be entered on liability, the Court does not reach the additional issues raised by Plaintiff's Revised and Amended Supplemental Motion for Summary Judgment [34], and denies that motion without prejudice as moot. The Court also denies Defendants' Motion to Stay [39] as moot. A status conference is set for April 12, 2017 at 9:30 a.m. to discuss case management.

**ENTERED: 3/30/2017**

_____
**U.S. Magistrate Judge, Susan E. Cox**